

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 4, 2025

Via ECF
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square, Courtroom 443
New York, New York 10007

Re:   ***United States v. Armando Gomez a/k/a "El Doctor,"***
      **18 Cr. 262 (VEC)**

Dear Judge Caproni:

The Government respectfully submits this letter in the above-captioned matter in opposition to defendant Armando Gomez's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. No. 223 (motion)). The defendant seeks a sentence reduction through the retroactive application of United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") Amendment 821, which took effect on November 1, 2023. Here, the motion rests on the following portion of Amendment 821:

- Part B, Subpart 1, which creates a new provision, Section 4C1.1, which provides a two-level downward adjustment in offense level for certain offenders who present zero criminal history points and are not subject to any of the ten exclusionary criteria listed in the new U.S.S.G. § 4C1.1.

A defendant is generally eligible for potential relief if, as a result of Amendment 821, the defendant's amended Guidelines range is lower than the range that applied at the defendant's original sentencing, *and if* the defendant did not already receive a sentence lower than the amended range on any ground other than substantial assistance.

While the Government agrees with the Probation Office (Dkt. 219) that the defendant is eligible under Amendment 821, and that the resulting Guidelines range is now 108 to 135 months' imprisonment, the defendant's motion should be denied. The Court sentenced the defendant within the now-applicable Guidelines range, and the Section 3553(a) factors counsel against any further reduction in the defendant's sentence. In addition, the thrust of the arguments the defendant now makes—concerning his rehabilitation in prison and the conditions of his confinement owing to the COVID-19 pandemic—were before the Court at sentencing, and considered by the Court in fashioning what was then a below-Guidelines sentence of 120 months' imprisonment. For these reasons, the Court should deny the motion.

## I.    Legal Framework

Section 3582(c)(2), which governs the defendant's motion, "establishes a two-step inquiry. A court must first determine that a reduction is consistent with Section 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010). Under application note 1(A) to Section 1B1.10: "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)."

Where a defendant qualifies, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.10 app. note 1(B)(i); *see also* U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). The Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence. In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. *See, e.g.*, *United States v. Darden*, 910 F.3d 1064, 1068 (8th Cir. 2018).

Accordingly, courts in this district have denied sentence reductions under Amendment 821 when the Section 3553(a) factors still supported the original sentence imposed. *See, e.g.*, *United States v. Hernandez*, No. 21 Cr. 519 (CS), Dkt. #65, at *1 (S.D.N.Y. Apr. 23, 2024) ("The conduct . . . is just too serious, particularly in the absence of any particularly mitigating factors. The factors that drove me to conclude that 63 months is the minimum that would serve the purposes of sentencing have not changed."); *United States v. Calk*, No. 19 Cr. 366 (LGS), Dkt. No. 318, at *2-3 (S.D.N.Y. Mar. 4, 2024) ("For the reasons expressed at Defendant's initial sentencing hearing, the previously imposed sentence is the minimum sentence necessary" to meet 18 U.S.C. § 3553(a)(2)(A)-(B)); *United States v. Crute*, No. 19 Cr. 816 (VB), Dkt. No. 78, at *2 (S.D.N.Y. Feb. 20, 2024) ("To reduce Crute's term of imprisonment now, simply because his criminal history category no longer takes into account the fact that he was on supervised release at the time of the offense, would surely promote disrespect for the law and would also disrespect the views of Crute's victims. This is not a step the Court is willing to take."); *United States v. Khaziran*, No. 21 Cr. 603 (VEC), Dkt. No. 1247, at 3 (S.D.N.Y. Jan. 17, 2024) ("Defendant urges the Court to reduce his sentence by six months primarily because he has been a 'model inmate,' promptly took responsibility for his actions, has strong family connections, and is unlikely to reoffend. The Court commends Defendant for his good behavior and employment while incarcerated. Those factors are not enough, however, to justify a reduction of sentence in this case." (citations omitted)). [1]

---

[1] Many courts have likewise denied sentence reductions when previous Guideline amendments lowered the applicable sentencing ranges. *See, e.g.*, *United States v. Wilson*, 716 F.3d 50, 53 (2d

## II.    Argument

Here, considering all facts and circumstances, the Court should deny the defendant's motion for a reduction in sentence.

Before his arrest, the defendant coordinated the distribution of thousands of kilograms of cocaine destined for the United States with individuals he believed to be high-ranking members of the Sinaloa Cartel, a violent drug trafficking organization based in Mexico.  Instead, these individuals were confidential sources (the "CSes") working at the direction of the Drug Enforcement Administration.  In recorded communications with the CSes, the defendant boasted of his connections to politicians in Venezuela and the leadership of the Fuerzas Armadas Revolucionares de Colombia (the "FARC") and his knowledge of the international drug trade.  He worked with other associates and members of the FARC to negotiate pricing and distribution plans, and ultimately procured a five-kilogram sample of high-quality cocaine to sell to the CSes, with promises of tons more to come.  The defendant was arrested in Colombia on April 9, 2018.

On May 13, 2022, the defendant pled guilty pursuant to a plea agreement (the "Plea Agreement") with a stipulated Guidelines Range of 135 to 168 months' imprisonment.  (*See* July 29, 2022 Final Presentence Investigation Report ("PSR") ¶ 7).  On January 23, 2023, the Court sentenced the defendant to a then-below Guidelines (and now within Guidelines) sentence of 120 months' imprisonment.  (Dkt. 168).  In sentencing the defendant, the Court noted that the defendant's conduct was "incredibly bad behavior" and that distributing cocaine "[a]t the wholesale level, where [the defendant was] operating … destabilizes nations."  (Dkt. 170 at 26).  In addition, the Court recognized that, while the defendant was not himself personally involved in violence, he believed he was dealing with members of the Sinaloa Cartel, and doing so alongside members of the FARC, both violent organizations which have wrought tremendous violence and death in their respective nations and elsewhere.  (*See id.*).  The Court further noted that the

Cir. 2013) (denial of sentence reduction was not an abuse of discretion, although earlier sentence reduction had been granted despite defendant's prison misconduct, and defendant had not engaged in any new prison misconduct); *United States v. Styer*, 573 F.3d 151, 154-55 (3d Cir. 2009) (denial based on nature of original criminal conduct); *United States v. Stevenson*, 332 F. App'x 261, 262-63 (6th Cir. 2009) (reduction denied despite eligibility under amendment, based on disciplinary infractions in prison, and lengthy criminal record); *United States v. Dunn,* 728 F.3d 1151, 1160 (9th Cir. 2013) (reduction denied where, among other things, "the original sentence was needed to afford adequate deterrence" (internal quotation marks omitted)); *United States v. Arceneaux*, 297 F. App'x 819, 821 (10th Cir. 2008) (reduction denied due to disciplinary record in prison); *United States v. Suell*, No. 99 Cr. 324, 2008 WL 2845295, at *3 (N.D. Tex. July 17, 2008) (motion denied because defendant benefitted from a favorable plea agreement in which charges were dismissed and the sentence was reduced); *United States v. Reynolds*, No. 95 Cr. 71, 2008 WL 2367254, at *3 (S.D. W. Va. June 9, 2008) (motion denied because defendant's criminal conduct was "nothing short of egregious"), *aff'd*, 309 F. App'x 703 (4th Cir. 2009); *United States v. Melton*, No. 98 Cr. 50, 2008 WL 1787045, at *2 (W.D.N.C. Apr. 17, 2008) (denial based on nature of offense); *United States v. Craig*, No. 96 Cr. 105, 2008 WL 1775263, at *2 (W.D.N.C. Apr. 15, 2008) (denial based on the facts of the case).

defendant had "absolutely no respect for the laws of the United States or the laws of Colombia" and "negotiated over months to import massive quantities of cocaine into the United States." (*Id.* at 27). Indeed, the Court continued, the defendant was "not a peripheral player" but was, instead, personally and deeply involved in the negotiations. (*Id.*).

All of the relevant Section 3553(a) factors favor rejection of the defendant's motion. The Government outlined in detail the application of Section 3553(a) at the defendant's sentencing and does not recount in full its arguments here. (*See* Dkt. 165 at 6-8). Most pointedly, the nature and circumstances of the defendant's offense and need for general deterrence continued to support a 120-month sentence of imprisonment. 18 U.S.C. §§ 3553(a)(1), 3553(a)(2). As the Court recognized at sentencing, the defendant was a key participant in a purported partnership between two violent organizations—the FARC and the Sinaloa Cartel—and thought that he was a key cog in what would have resulted in the distribution of tons of cocaine to the United States. This volume of cocaine, as the Court recited at sentencing, devastates communities and destabilizes nations. In addition, as to general deterrence, the cocaine trade from South America continues to flourish. A reduction in the defendant's sentence would send precisely the wrong message to others who would consider following his well-trodden path.

Beyond that, the defendant's motion should be denied because his purported bases for relief do not justify a reduction in sentence. The defendant's request for a reduction of sentence relies upon his purported "strong post-sentencing rehabilitation" and the conditions of his confinement during the COVID-19 pandemic, including his placement in solitary confinement due to the pandemic. (Dkt. 223 at 32-33). As this Court has recognized, however, factors like an individual's conduct in prison do not oft suffice to merit a reduction in sentence without more. *See Khaziran*, No. 21 Cr. 603 (VEC), Dkt. No. 1247, at 3. Indeed, in this case, the Court considered, in part, that the defendant had "found religion, leading a prayer group within your prison unit, and getting substantial satisfaction from bringing your faith to your fellow inmates," in arriving at the original below-Guidelines sentence. (Dkt. 170 at 25-26). And, similarly, the Court carefully weighed the defendant's arguments regarding the conditions of confinement during the COVID-19 pandemic in fashioning judgment. (*See, e.g.*, Dkt. 170 at 8 (argument about the conditions at La Pictoa and in Valhalla during the pandemic), 12-13 (noting that the defendant had COVID-19 while in custody)). That the Court already considered the arguments upon which the defendant now rests underscores why the Court should deny this motion.

\* \* \*

For the foregoing reasons—because Section 3553(a) counsels against any further reduction in sentence, because the defendant's sentence is already within the new Guidelines range, and because the Court already considered the thrust of the defendant's arguments in connection with the original sentencing, the Court should reject his motion under Amendment 821.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By: s/_____
Jason A. Richman
Assistant United States Attorney
(212) 637-2589

cc:    Defendant Armando Gomez (by first class mail)