**MEMO ENDORSED**

[Spanish > English Translation: US v Gomez, 18-CR-262, page 1 of 10]

TRULINCS 87853054 - GOMEZ, ARMANDO - Unit: ATL-A-A

---

FROM: 87853054
TO:
SUBJECT: Page 1 Court 2 points
DATE: 08/12/2025 08:50:01 AM

07/21/25

[stamped:]

**R E C E I V E D**
SEP [illegible] 2025
**VALERIE CAPRONI**
**U.S. DISTRICT JUDGE**
**S.D.N.Y.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/29/2025

*IN THE UNITED STATES DISTRICT COURT*

*FOR THE*

*SOUTHERN DISTRICT OF NEW YORK*

ARMANDO GOMEZ E.

    *Petitioner*

    vs.        Case No.: *18 - Cr 262 003 (vec)*

UNITED STATES OF AMERICA

    *Respondent*

*DEFENDANT'S MOTION PURSUANT TO 18 U.S.C. 3582 (c) (2) BASED ON THE*

*NEW SENTENCING GUIDELINE DWNWARD [sic] ADJUSTMENT FOR CERTAIN*

*ZERO-POIN [sic] OFFENDERS*

*AMENDMENT 821 U. S. S. C.*

NOTE: PLEASE EXCUSE THE LACK OF SOME PUNCTUATION AND ACCENT MARKS, AS THE KEYBOARD ON THE JAIL'S COMPUTERS DON'T HAVE THEM.

[Translated 10/24/2025 by SDNY Interpreters (GM, HG, FO). Text in italics is originally in English. Brackets reflect translator's inclusions for clarity.]

TRULINCS 87853054 - GOMEZ, ARMANDO - Unit: ATL-A-A

---

FROM: 87853054
TO:
SUBJECT: Page 2 Court 2 print
DATE: 08/12/2025 08:30:54 AM

I hereby inform, request and attach the following:

1. a) I presented a timely appeal of the sentence imposed on me as an inmate of the United States of America (USA), because of my extradition from Colombia, being a foreign citizen of Colombian nationality by birth, as I do not have an attorney to represent me before Your Honor.

b) I dropped my appeal because of the unjustified delay (a year and a half) in receiving a response to said appeal.

c) On April 15, 2025, I issued a letter received by your chambers as a "Motion for Reconsideration," according to the brief of April 25, 2025, which set the date of May 27, 2025 to supplement it.

d) On May 27, 2025, your chambers were sent the above-referenced addition.

2. Since I did not have access to a legal department at the Atlanta jail "The Castle," where I am currently held, for me to consult about the May 27, 2025 date, some people translating it told me that was the date set for Your Honor to rule, while others translated it to tell me it was the date to support the motion referenced above in No. 1(c).

3. I made the most sensible decision and believed that it referred to the deadline for providing my basis, to avoid issuing a late reply that may be detrimental to me if I failed to meet the May 27, 2025 deadline set by Your Honor.

4. The mail office at the jail opens to inmates at 7:30 AM. I was at their window at that time and it was not serviced. They did not open. I turned to the officer on duty on May 27, 2025, who took my duly stamped envelope for its dispatch to your chambers, requesting the two points ordered by 18 U.S.C. § 3582 (c) (2), citing the regulation that orders it because the undersigned is an applicant who meets all the requirements for this legal benefit, seeking that my constitutional rights of due process and the right to a defense be guaranteed.

5. It is worth noting that, before I was delivered to the DEA in Colombia to undertake the extradition and be moved to the U.S., the Colombian government expressly requested that the United States send in writing an acknowledgment guaranteeing that none of my constitutional rights would be violated, either in Colombia or the U.S. And that is what happened. In Colombia, a guarantee from the U.S. is a sine qua num [sic] requirement for the extraditee's delivery.

6. I affirm that I am unfamiliar with the laws of this country, and with the process for the sentence reduction benefit that is my right because of my studies in this Atlanta jail and my work at the jail in Westchester, NY.

7. Whenever I need to turn to my Counselor (Miss Jones) or my Case Manager (Miss Whitley) at detention Unit A1-131, these officers require that I bring a translator, and my only recourse is a fellow inmate, knowing that their translation is deficient, as they only speak English in street slang, they do not know how to write or read it, and the facility does not provide this service. I am aware that other state and federal jails offer simultaneous telephone translation services, with the advantage that it creates recorded evidence that may be useful to the office.

8. I currently do not have an attorney who speaks Spanish. I have requested one from your chambers (Nov. 7, 2022; January 28, 2025; March 20, 2025; May 27, 2025; and this letter), but have not received any call or visit from any appointed legal professional. Attorney Devin McLauglin [sic], appointed and practicing before the Court of Appeals and replacing the trial court attorney, informed me that he is unable to practice at District Courts.

[Translated 10/24/2025 by SDNY Interpreters (GM, HG, FO). Text in italics is originally in English. Brackets reflect translator's inclusions for clarity.]

[Spanish > English Translation: US v Gomez, 18-CR-262, page 3 of 10]

TRULINCS 87853054 - GOMEZ, ARMANDO - Unit: ATL-A-A

---

FROM: 87853054
TO:
SUBJECT: Page 3 Court 2 print
DATE: 08/11/2025 03:20:49 PM

B A C K G R O U N D   A N D   F A C T S

1. The characteristics of the undersigned convict must be in the case file, as they were also attached with the timely issued appeal briefs, and Your Honor may thus decide on the matter, taking into account that the issued sentence is final as a result of its withdrawal.

2. The brief requesting the two points, sent to your chambers in January 2024, (in 4 pages, also attached in the May 27, 2025 letter), was supposedly withheld until the Circuit Court of Appeals ruled on the appeal of the sentence. There was the need to drop the appeal because of the unjustified delay, when calculating the amount of time I have left until my release and the completion of the sentence imposed by Your Honor.
I request an assessment of the possibility of granting me time served and proceeding to my deportation.

3. If it does not appear in the case file, the letter from January 2024, I respectfully request acknowledgment in writing, in Spanish if possible, to proceed with litigation.

4. I refer to the letters sent to your office (from 2022 onward) requesting the two points and the appointment of a new attorney and thereby request to proceed accordingly. Attorney Devin, who replaced the attorney that represented me before the trial court, has already notified me in writing of the end of his professional representation and his inability to practice at the District Court, which indicates that I am without legal representation for my defense.

5. The constitutional guarantee of due process requires that a new attorney be appointed to assist with and support this letter to protect my legal interests.

6. The request for two points was withheld by Your Honor until the Circuit Court ruled on the appeal of the sentence. Said appeal had to be dropped due to the unjustified delay.
Calculate the time I have left for my release.
Now Your Honor must proceed to assess the possibility of granting me time served and proceeding to my deportation, in consideration of President Trump's intention to empty jails and thereby avoid huge costs of care.

7. The United Nations Organization (UNO) had the opportunity to weigh in on the matter, finding irregularities with the person who intervened in Colombia, (Marco Aurelio Garcia Wimberg), supposedly as a DEA agent, when he was really a mere DEA cooperator, a foreigner with no authority to gather evidence on this case, as the DEA special agents never took action in Colombia.
I only got to know them here in the U.S., when they appeared at a hearing held by Your Honor.

8. In addition, I hereby inform Your Honor that the physical time of the sentence that has transpired. I am attaching a copy of the letter that lays out the matter of the time already served of the 10-year sentence that was imposed and the respective legal reductions.

9. Everything seems to indicate that the DEA cooperator, Marco Aurelio Garcia Wimberg, according to comments made by another Colombian inmate at the Westchester Jail, currently faces pending legal matters due to bribes that were received in Colombia. The Honorable Judge of the Appeals Court was apprised of this.

[Translated 10/24/2025 by SDNY Interpreters (GM, HG, FO). Text in italics is originally in English. Brackets reflect translator's inclusions for clarity.]

[Spanish > English Translation: US v Gomez, 18-CR-262, page 4 of 10]

TRULINCS 87853054 - GOMEZ, ARMANDO - Unit: ATL-A-A

---

FROM: 87853054
TO:
SUBJECT: Page 4 Court 2 print
DATE: 08/11/2025 03:18:13 PM

D I S C U S S I O N

1. Firstly, I'll to point out that the motion requesting two points, written in English, was sent to your chambers in the month of January 2024.

2. Since November 7, 2022, I have been requesting a change of attorney.

3. On later dates, I again requested that a new attorney be appointed to represent my interests.

4. Attorney Devin Mclauglin [sic] was appointed for purposes of my appeal motion. He represented me and acted on my behalf throughout the appeal process. I was subsequently notified of his inability to practice before this Court because he is an attorney for Circuit Court of Appeals litigation.

6. That attorney's writings indicated that it was possible to petition Your Honor for the two points, but he was unable to do it for the reasons already stated. Written on 11/07/23.

7. In researching this case for the United Nations Organization (UNO), Antonia Urrejola, an international expert on human rights, maintained in March of 2024 through media publications that:

a) The beginning of this investigation that culminated in my extradition consisted of entrapment, given that there was excessive legal persecution, and it denounced excessive delays that affected due process.

b) The Honorable Supreme Court of Justice of Colombia, after a legal investigation initiated by senator Alvaro Leyva, determined that the Attorney General of Colombia did not have jurisdiction to support this investigation and extradition, as it involved persons with political party ties.

c) The American journalist Jose Luis Olivares decided to look into the case, noting that the U.S. had not expressed a stance on the issue, which raised his concerns, given that the FARC organization had become a political party in Colombia with U.S. approval. Memo dated 05/19/24.

8. Law 3649, *Ferst Stap* [sic] - First Step ordered the U.S. Federal Bureau of Prisons to grant needed benefits to persons older than age 60, releasing eligible elderly inmates on probation. This favors me (as I am currently 78), but I have never received this benefit. Letter dated 07/09/24.

9. The Honorable U.S. Court of Appeals of the City of New York accepted the withdrawal of the appeal, making the sentence imposed by Your Honor final.

[Translated 10/24/2025 by SDNY Interpreters (GM, HG, FO). Text in italics is originally in English. Brackets reflect translator's inclusions for clarity.]

[Spanish > English Translation: US v Gomez, 18-CR-262, page 5 of 10]

TRULINCS 87853054 - GOMEZ, ARMANDO - Unit: ATL-A-A

---

FROM: 87853054
TO:
SUBJECT: Page 5 Court 2 print
DATE: 08/20/2025 01:30:20 PM

M O T I O N S

1. This "motion for reconsideration" should be deemed as submitted in a timely fashion.
It was submitted for mailing to the officer on duty at my facility by the date that Your Honor set, May 27, 2025.

2. As a result of force majeure, due to the impossibility of consulting and obtaining legal assistance in this jail, I am submitting these supporting documents for the motion to the officer on duty, requesting that he record in the book of observations that it was received to be mailed out.

3. To take in consideration the only copy of the two-point "motion" that was sent to chambers on May 27, 2025, and dated January 2024, should it not be in the case file.

4. That an attorney be assigned to assist and counsel me, interact with chambers, and contribute to this document.

5. I reserve the right to argue this motion, if necessary, since I am a foreigner residing and held in the Atlanta, Georgia jail. I am very limited in taking legal action because I do not have an attorney.

6. I request that a copy of the January 2024 motion containing my two requests be sent to me at the Atlanta jail.

7. I request that the Westchester Jail be notified in writing to return the computer and 4 CDs that were taken by Officer Bryan, who never returned them to me stating that he needed a court order.

8. That the two requests that I previously and repeatedly made be granted, allowing me time served and immediate deportation.

9. That a translation of this letter be ordered through my appointed attorney.

E X H I B I T S

1. I incorporate by reference the written submissions that were sent to chambers on November 7, 2022; January 28, 2025; March 20, 2025; and May 27, 2025.
2. I incorporate by reference the 4-page "Motion" dated and submitted in January 2024.
3. Attached summary of Act No.3649 dated 12/06/2024.
4. I incorporate by reference the withdrawal memorandum submitted by Attorney Devin before the Appeals Court.
5. A document showing my time served as part of the sentence.
6. I incorporate by reference the memoranda from November 2, 2022, and the ones that followed, which were attached to the submission dated May 27, 2025.
7. A document dated December 20, 2023, referring to the publication by "El Espectador," a newspaper from Bogota, about the decision by the Supreme Court of Colombia in the wrongful investigation against the undersigned and co-defendant Jesus Santrich, conducted by the Office of the Colombian Attorney General and promoted by Chancellor Alvaro Leyva.
8. A writing by American journalist Jose Luis Olivares, dated May 19, 2024, who was briefed on the U.N.'s decision regarding alleged irregularities against defendants promoted by then Colombian President Juan Manuel Santos.
9. A July 8, 2024 summary on the decision by the U.N.
10. I incorporate by reference the submission dated January 18, 2025, which was filed by your chambers on February 19, 2025.

Sincerely,

[handwritten signature]

ARMANDO GOMEZ E.
ID No. 87853054
P.O. BOX 150160 GA 30315 USA. Unit A1-131


[Translated 10/24/2025 by SDNY Interpreters (GM, HG, FO). Text in italics is originally in English. Brackets reflect translator's inclusions for clarity.]

[Spanish > English Translation: US v Gomez, 18-CR-262, page 6 of 10]

[this page originally in English]

Atlanta, July 15, 2024

Appeals Court, Second Circuit
Prosecascase@ca2.uacourt.gov
40 Foley Square NYC - NY - 10007
Tel: (212)857-8500, (212)857-8628

REF: Appeal of NYC South District Court sentence No. 18 CR 262 Case 23.128 Att: Yesica

ARMANDO GOMEZ ESPANA, identified such [..] subscribed under my signature, acting on one's own behalf (*pro se*), allow me to inform, request, and attach the following:

1- I was sentenced, and acting on one's own cause, I challenged the providence of condemnation.

2- The timely supports of the referred recourse were quite explicit in informing your dignified office about the real truth about the way the facts unfolded.

3- The United States Attorney General, already since December, 2023 carried out the transfer of my response to the recourse of appeal.

4- The time elapsed up to the current date determines a time already served, taking the following into consideration:

| CONCEPT | TIME (Years) |
| --- | --- |
| 10 year sentence in prison | +10.00 |
| Automatic time discount | -1.50 |
| I have been detained for six years, three months | -6.25 |
| I was conceded a one year reduction in my sentence (First Step Act) | -1.00 |
| **Time pending to fulfill my sentence** | 1.25 |
| Right acquired of two points and education programs which I am currently studying | -? |

5- The attorney that serves the recourse of appeal has confirmed to me that the decision of the two points to which I have a right, according to amendment 821 – First Step Act (FSA) of 2018, cannot be resolved in the court in which my process is unfolding, due to the fact that the Recourse of Appeal that is being processed in your office has not been resolved.

6- I must remind the court that my surrender to DEA authorities in Bogota, as a Colombian citizen, was conditioned to not violating or curtailing any or none of my constitutional rights, both in the United

[Translated 10/24/2025 by SDNY Interpreters (GM, HG, FO). Text in italics is originally in English. Brackets reflect translator's inclusions for clarity.]

[Spanish > English Translation: US v Gomez, 18-CR-262, page 7 of 10]

TRULINCS 87853054 - GOMEZ, ARMANDO - Unit: ATL-A-A

---

FROM: 87853054
TO: Gomezc, Armando
SUBJECT: CSJ Sentence
DATE: 06/01/2024 01:49:55 PM

I am reviewing this matter. The decision by the Honorable Court of Appeals is not out. The attorney believes that the delay will bring a very significant result. My situation will be determined here, and the real truth about this whole drama will start to come out.

                                                                           [illegible handwriting]

My regards to everyone over there,

Daddy
------Gomezc, Armando Sr. on 12/20/2023 11:06 AM wrote:

>

Hi, Daddy,

I am sharing a story by El Espectador from December 14, 2023 that I saw with Jacobo, explaining the status of this matter.

I hope it helps.

KISSES,

KIKO

Cindy Johanna Serrano González
December 14, 2023 - 02:25 p.m.

U.N. Expert: Prosecutor's Office Obstructed JEP [Special Jurisdiction for Peace] in Case Against Former FARC Member Jesús Santrich

Antonia Urrejola, who is investigating the case of the entrapment of the former FARC leader, among other things, said there was an abuse of judicial persecution. The expert presented a preliminary report this Thursday on the obstacles to the implementation of the Peace Agreement. The full investigation will be released in March 2024.

The alleged entrapment case against former FARC leader Seuxis Pausias Hernández Solarte, better known as Jesús Santrich, was defined by an environment of "abusive use of judicial persecution."

Furthermore, she said that the Prosecutor's Office did obstruct the Special Jurisdiction for Peace (JEP) in that case because the former FARC commander spent a year in prison without sufficient evidence to prove his guilt in the crime. "If you look at the case of Jesús Santrich, this began in 2018, and the matter was resolved a year later with Santrich deprived of his liberty and with documents going back and forth between the JEP and the Prosecutor's Office. It seems to me that this issue caused excessive delays and affected due process," she said.

Furthermore, the Supreme Court of Justice clarified in 2019 that the Prosecutor's Office did not have jurisdiction to investigate him, given that he held the position of congressman at the time.

This is one of the preliminary observations of the investigation presented this Thursday in Bogotá by Antonia Urrejola, an international expert on human rights at the U.N., who is also investigating the obstacles to the implementation of the Peace Agreement in Colombia.

Santrich's case was revealed in 2020 by journalist Edinson Bolaños of Colombia+20, in an investigation that sparked fierce controversy and reached the courts.

Santrich was identified by the Office of Prosecutor Néstor Humberto Martínez as part of a network that shipped drugs to the United States. After being linked to a drug trafficking case, he abandoned the Peace Agreement and formed the Second Marquetalia dissident group with Iván Márquez.

In the context of this incident, the Special Jurisdiction for Peace (JEP) filed a complaint against officials from the Attorney General's Office during the Martínez administration, who allegedly withheld information from the JEP during the case[.]


[Translated 10/24/2025 by SDNY Interpreters (GM, HG, FO). Text in italics is originally in English. Brackets reflect translator's inclusions for clarity.]

[Spanish > English Translation: US v Gomez, 18-CR-262, page 8 of 10]

TRULINCS 87853054 - GOMEZ, ARMANDO - Unit: ATL-A-A          [illegible handwriting]

---

*PLEASE TRANSLATE IN ENGLISH: I do not speak, write, or read English*

ARMANDO GOMEZ ESPANA, identified as it appears under my signature, representing myself, (pro se), I hereby inform, request and attach the following:

1. I was sentenced and, representing myself, I appealed the sentence.

2. The timely submissions supporting the aforementioned appeal explicitly informed the Honorable Court of the real truth about how things happened.

3. The United States Attorney's Office, since already December 2023, received notice of my response to the appeal.

4. The time that has elapsed up to the current date leads to the calculation of time served, If we take into account:

| | |
|---|---|
| Sentence of 10 years in prison | 10 |
| Automatic discount of 1.5 years | 1.5 |
| I have been detained for six years and three months | 6. |
| I was granted a sentencing reduction of one year. *Firt* [sic] *Step* Act | 1 |
| Time remaining before obtaining my release | 1.5 |

The right to two points and educational programs that that I have been participating in?
[handwritten:] Reduction for working [approximately 3 illegible words] Atlanta

4. [sic] The attorney who is handling the appeal confirmed that the decision about the other two points that I have am entitled to, pursuant to Amendment 821 - *Firt* [sic] *Step* Act (FSA) of 2018, cannot be settled in the court where my proceedings are heard, because my appeal that is pending in Your Court has not yet been decided.

5. I must point out that my surrender in Bogota to the DEA authorities, as a Colombian citizen from birth, was done with the condition that none of my constitutional rights, either of the United States of America or of Colombia, would be violated or limited. A matter that was accepted by the Southern Court of NYC, as a direct response to the request of "Guarantees" required by the Ministry of Justice of Colombia, which they accepted as having fully met the requirements needed before proceeding with my transfer.

MOTIONS

Having complied with all the requirements for a decision pursuant to the law I make the following motions:

1. Please issue a decision pursuant to the law on the aforementioned appeal so that all prejudice in my case may be prevented.

2. Promptly notify the attorney who is working on this remedy So that he may provide assistance on these motions.

In advance, I express my deep gratitude for taking the time to respond to this document.

Please proceed accordingly.

Sincerely,

[handwritten signature]

ARMANDO GOMEZ ESPANA
I.D. 87853-054
FCI Atlanta - Federal Correctional Institution
P.O. Box 150160. Atlanta, GA 30315

cc: Attorney Devin McLanghlin [sic] - dmclaughlin@langrock.com                    70

[Translated 10/24/2025 by SDNY Interpreters (GM, HG, FO). Text in italics is originally in English. Brackets reflect translator's inclusions for clarity.]

[Spanish > English Translation: US v Gomez, 18-CR-262, page 9 of 10]

TRULINCS 87853054 - GOMEZ, ARMANDO - Unit: ATL-A-A

---

FROM: 87853054
TO: Gomez, Bertha; Gomezc, Armando; Mclaughlin, Devin
SUBJECT: Court of appeals
DATE: 02/13/2024 11:31:34 AM

[handwritten:] *Traslate*
*PLEASE TRANSLEITER* [sic] *INTO ENGLISH* ....
[handwritten:] *Transliter* [sic] [illegible word]
I hereby inform you of what I was able to detect in the documents that are being processed in the District Court.

I was sentenced in January 20, 2023, for the count of conspiracy to import "at least" 5 kilograms of cocaine.

The DEA laboratory determined that the amount of drugs was 4,950 grams of cocaine. (4 kilograms 450 grams approximately.) There is a certification in the file related to this matter.

The latest Guidelines Manual of November 1, 2010, in the seized drugs quantity table, Section 5 page 6, it is determined that at least (at lease) [sic] de 3.5 kg (3,500 grams), But less than (put less tham) [sic] 5 kilograms of cocaine corresponds to a level 30 (level 30). I am currently at level 33.

In accordance with the above, please proceed to grant me the right to have the level modified, and once it is corrected, to determine which favorable implication I would then derive because of this mistake.

As well as request and supplement the letter that I submitted last week about the two-point reduction established and required by amendment 821.

Additionally, to notify your office about the fact of being a Stomach Cancer patient (detected in Colombia because my arrest was conducted at the clinic where I was getting ready for a surgical intervention of a cancerous tumor that was detected in my stomach), as well as prostate cancer that was detected at the U.S. jail in Westchester in New York where I was transferred to a private hospital, at which I received daily radiation treatment for two months to be able to regain my health and in that manner achieve my recovery.

Tell me if I am wrong about my thinking in reference to my time in prison:

Sentence of 10 years, automatic discount of 15%   8.5
A year that was already discounted, after some steps I took in the jail for 20 days, changing my eligibility status, because before I appeared as ineligible.           That would be 7.5
I have almost six years.                          That would be 1.5
If I get a reduction of two years with amendment 821, I should receive time served. Please confirm this.

Please, if a video call is possible, I would be highly grateful.

Thank you, Argoz         [illegible handwriting]

[Translated 10/24/2025 by SDNY Interpreters (GM, HG, FO). Text in italics is originally in English. Brackets reflect translator's inclusions for clarity.]

[Spanish > English Translation: US v Gomez, 18-CR-262, page 10 of 10]

TRULINCS 42049048 - GAITAN-AYALA; NELSON - Unit: ATL-A-A

---

FROM: 42049048
TO:                                                                              [illegible handwriting]
SUBJECT: Draft
DATE: 02/05/2024 10:26:19 AM


I was sentenced <u>in January 2023</u>, for the count of conspiracy to import <u>"at least" 5 kilos of cocaine</u>.
The DEA laboratories determined that the amount of drugs was <u>approximately 4950</u>.
The Guidelines Manual of <u>Nov. 1, 2010</u>, in the seized drugs quantity table, <u>section 5, page 6</u>, it is determined that for the count of importing <u>at least (at lease)</u> [sic] 3.5 kg, <u>but less than (but less tham)</u> [sic] 5 Kg of cocaine corresponds to a level 30 <u>(level 30)</u>. But due to some error, I was placed and sentenced under the wrong level <u>(level 33)</u>.
Based on the above, please proceed to grant me the right that I <u>have to a two-point reduction</u> as established and required by <u>amendment 821</u>.
Additionally, I request that it be taken into account the legal decision that I was a <u>stomach cancer patient</u> (detected in Colombia because <u>my arrest was conducted at the clinic</u> where I was getting ready for a surgical intervention and the extraction of a cancerous tumor that was detected <u>in my stomach</u>). And <u>prostate cancer</u> that was detected at the U.S. jail in Westchester in New York where I received <u>daily radiation treatment for two months</u> to be able to regain my health and in that manner achieve my recovery, at <u>a private hospital as ordered by the jail</u>. I am currently still with the side effects from the cancer cells. I ask that it be taken into account that I am currently 76 years old. For these reasons I beseech the court to give me the opportunity <u>to be with my family</u> during the last years of my life.


[handwritten:] will you please answer my e-mail [illegible] 2/13/ -2024


                                               [illegible handwriting]


[Translated 10/24/2025 by SDNY Interpreters (GM, HG, FO). Text in italics is originally in English. Brackets reflect translator's inclusions for clarity.]

The Court received a version of this *pro se* letter in Spanish via mail. It has been translated into English by the Court's in-house interpreters. The Court will address the nine "Motions" listed on page 5 of this document.

1. The Court accepts Mr. Gomez's motion for reconsideration *nunc pro tunc* as timely. The motion, however, is DENIED because Mr. Gomez has not presented any arguments to undermine the Court's conclusion that Mr. Gomez's initial sentence, which is within the range of the revised guidelines, was fair in light of his conduct, and hence that a sentencing reduction pursuant to Amendment 821 is unwarranted.

2. Mr. Gomez's letter was mailed to the Undersigned; accordingly, there is no need for the Court to take further action on his request that the staff of the facility where he is incarcerated mail his submission.

3. The Court has taken into consideration the prior submissions Mr. Gomez has made to the Court. Mr. Gomez is advised that any subsequent *pro se* filings should be submitted to the Pro Se Intake Unit, 500 Pearl Street, Room 250, New York, New York 10007.

4. The Court declines to appoint counsel to Mr. Gomez at this time because it finds that his proposed motion is unlikely to have merit.

5. The Court does not find it necessary for Mr. Gomez to further argue his motion at this time.

6. The Clerk of the Court is respectfully directed to mail a copy of Mr. Gomez's motion and the Court's associated order at Dkt. 224 to Mr. Gomez and to note mailing on the docket.

7. The Court does not have sufficient context to determine what Mr. Gomez is referring to when he references "the computer and 4 CDs that were taken by Officer Bryan," and therefore cannot order that they be returned to him.

8. For the reasons already discussed in this order and previous orders, the Court again DENIES Mr. Gomez's motion for a sentencing reduction pursuant to Amendment 821.

9. Because the Court's in-house interpreters have already translated Mr. Gomez's letter, and because the Court has declined to appoint counsel to represent Mr. Gomez at this time, Mr. Gomez's request that his Court-appointed lawyer translate his letter is DENIED AS MOOT.

The Clerk of the Court is respectfully directed to mail a copy of this Order to Mr. Gomez and to note mailing on the docket.

SO ORDERED.

*Valerie Caproni*   10/29/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE